UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELANIE R.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:20-cv-05870-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found right shoulder abnormality, status post-surgery, spinal abnormality, status post-surgery, and lumbar degenerative disc disease are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; and Plaintiff can perform past relevant work. Tr. 43-55.

Plaintiff contends the ALJ misevaluated three medical opinions and failed to give valid reasons to discount Plaintiff's testimony. Dkt. 14. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

The Court may set aside the Commissioner's denial of Social Security benefits only if the

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 1

ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

### A. Medical Opinions

Plaintiff filed her disability claim in 2018. The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The ALJ must provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With the above mind, the Court reviews the ALJ's findings regarding the medical evidence.

### 1. Steven P. Nalder, M.D.

Dr. Nadler examined Plaintiff in May 2012 and opined she "could perform only sedentary work, should avoid lifting heavy objects more than 15 to 20 pounds, and should avoid work that requires repeated bending." Tr. 51. Although the ALJ found Dr. Nadler's opinion "mostly persuasive," the ALJ determined that "[r]ather than a straight sedentary level of exertion, however, the evidence supports a modified level of light duty, with only four hours standing and walking." *Id*.

The ALJ first discounted Dr. Nadler's opinion as inconsistent with "the claimant's longitudinal record" and "the medical evidence discussed previously in this decision." Tr. 51. The ALJ's finding is legally insufficient, as vague and conclusory references to the "longitudinal record" and "medical evidence discussed previously" fail to provide a cogent explication for discounting Dr. Nadler's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (ALJ errs in rejecting medical opinion when listing, without further explanation, medical evidence seriatim). The ALJ's recitation of the medical evidence "discussed previously" does not flesh out why Plaintiff is limited to light rather than sedentary work. It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ's conclusory finding is not a valid basis to discount to Dr. Nadler's opinion.

Next, the ALJ discounted Dr. Nadler's opinion as inconsistent with "his own exam findings." Tr. 51. While the ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), here the ALJ erred by failing to explicate why Dr. Nadler's exam

findings undermine his opinion. *See, e.g.*, *Embrey*, 849 F.2d at 421-22 (in setting "forth his own interpretations," an ALJ is required "explain why they, rather than the doctors,' are correct").

Finally, the ALJ discounted Dr. Nadler's opinion as inconsistent with Plaintiff's activities. Tr. 51. Substantial evidence does not support this finding. The ALJ cites minimal activities, such as Plaintiff's ability to "care for herself, feed herself, use a computer" and "pay bills, count change, handle a savings account, [and] use a checkbook or money orders." *Id.* These activities neither are reasonably related to nor contradict Dr. Nadler's opined limitation to sedentary work. The ALJ necessarily erred by discounting Dr. Nadler's opinion on this ground.

For the foregoing reasons, the ALJ harmfully erroneously discounted Dr. Nadler's opinion.

### 2. James Irwin, M.D. and Desmond Tuason, M.D.

Dr. Irwin reviewed Plaintiff's records and opined she was limited to sedentary work. Tr. 110. Dr. Tuason, in affirming Dr. Irwin, reached the same conclusion. *See* Tr. 122. In assessing Drs. Irwin and Tuason's opinions, however, the ALJ did not address their opinions that Plaintiff is limited to sedentary work. The ALJ accordingly erred. *See* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")

The ALJ also discounted the doctors' opinion Plaintiff "could occasionally reach overheard and handle with her right upper extremities." Tr. 50. The ALJ rejected this limitation as inconsistent with "claimant's record as a whole, the medical and other evidence previously discussed throughout this decision," and Plaintiff's activities. *Id*. at 51. As discussed above, these conclusory statements are legally insufficient and, in the case of Plaintiff's activities, not supported by substantial evidence.

For the foregoing reasons, the ALJ erred by discounting Drs. Irwin and Tuason's opinions.

**B. Plaintiff's Testimony**

As the ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and did not find Plaintiff was malingering, the ALJ was required to provide "specific, clear, and convincing" reasons supported by substantial evidence to reject Plaintiff's testimony regarding the severity of her symptoms. *See Trevizo*, 871 F.3d at 678.

The ALJ indicated Plaintiff testified "she was unable to work due to her impairments and symptoms, which included chronic and debilitating shoulder, back, and leg pain, fatigue, numbness and loss of tingling in her lower extremities, urinary incontinence, asthma symptoms, sensitivity to smoke and odors, increased sensitivity to cold temperatures, and feelings of depression and anxiety." Tr. 45. The ALJ further indicated Plaintiff testified "medications that she took for her impairments were ineffective in controlling her symptoms and caused unwanted side effects, such as mental fogginess." *Id*. Finally, the ALJ indicated Plaintiff testified "her impairments and symptoms limited her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, sleep, complete tasks, use her hands, and finish what she started, and caused her to have to shift positions frequently and lay down in a prone position regularly." *Id*.

The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 46-48. However, because the medical evidence must be reassessed, as described above, so too must Plaintiff's testimony. The ALJ also discounted Plaintiff's testimony as inconsistent with her activities. *Id*. at 49-50. Substantial evidence does not support this finding. As discussed above, the ALJ cites minimal activities, such as "using social media, watching television, watching

movies, paying bills, counting change" and "responding to questions from medical providers," *id.* at 49, that do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ accordingly erred by discounting Plaintiff's testimony.

## CONCLUSION

The Court finds the ALJ erroneously evaluated the medical evidence and Plaintiff's testimony. Plaintiff argues if the Court finds the ALJ harmfully erred, the Court should remand the case for calculation of an award of benefits. Remand for award of benefits should be ordered in only the rare case in which there is nothing in the record to weigh and where the record leads to only one reasonable conclusion: the claimant is disabled. Here, the ALJ failed to give sufficient reasons to reject medical opinions and Plaintiff's testimony. The ALJ, not the Court, should assess whether there are, or there are not valid reasons supported by substantial evidence to accept this evidence, or not. Additional proceedings would thus be beneficial, and the Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate the medical opinions discussed above and Plaintiff's testimony, develop the record and redetermine Plaintiff's RFC as needed, and continue to the remaining steps as appropriate.

DATED this 30th day of April 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 7